UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **EARL ROBERTSON,** § § § **Plaintiff,** § § § Case No.: 3:17-cv-00384 **vs.** § § **FIESTA RESTAURANT GROUP, INC.** § **TRIAL BY JURY DEMANDED** **d/b/a POLLO TROPICAL & POLLO** § **OPERATIONS, INC. & POLC-POLLO** § **OPERATIONS, INC.** § § § **Defendants.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

EARL ROBERTSON, Plaintiff, complains of FIESTA RESTAURANT GROUP, INC. d/b/a POLLO TROPICAL, POLLO OPERATIONS, INC., and POLC-POLLO OPERATIONS, INC. (hereinafter "Defendants") and for cause of action would show the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains about discrimination on the basis of sex and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

3. This action seeks compensatory and punitive damages, lost wages (past, present, and future), attorney's fees, taxable court costs, pre-judgment and post-judgment interest.

### PARTIES

4. Plaintiff EARL ROBERTSON is a resident of Pasadena, Texas who worked for Defendants at their store in Pearland, Texas.

5. Defendant FIESTA RESTAURANT GROUP, INC. d/b/a POLLO TROPICAL is a corporation authorized to do business in the State of Texas, and may be served with process by mail or in person by serving their registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Defendant POLLO OPERATIONS, INC. is a corporation authorized to do business in the State of Texas, and may be served with process by mail or in person by serving their registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7. Defendant POLC-POLLO OPERATIONS, INC. is an out-of-state corporation with its principal place of business in the State of Florida, and may be served with process by mail through the Texas Secretary of State to their corporate headquarters located at 7300 N. Kendal Drive, 8th Floor, Miami, Florida 33156.

## VENUE

8. Venue is appropriate in the United States District Court for the Southern District of Texas, Galveston Division, in that the Defendants can be said to reside and/or do business in this district and a substantial part of the events or omissions giving rise to the claim occurred here as required under 28 U.S.C. §1391.

## JURISDICTION

9. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction), under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII").

10. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL PREREQUISITES

11. All conditions precedent to the filing of this action have been met by Plaintiff. He filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC"), received a Notice of Right to Sue letter from said agency to pursue his claims, and files suit within the statutory period.

12. Plaintiff filed a Charge of Discrimination against Defendant with the EEOC on August 15, 2016 within 300 days of the last discriminatory act.

13. On September 18, 2017, Plaintiff was issued a Notice of Right to Sue letter by the EEOC, entitling him to file suit on his claims of discrimination. According to the postmark, that letter was mailed by the EEOC on September 26, 2017.

14. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter from the EEOC.

## FACTS

15. Defendants hired Plaintiff as an Assistant Manager on January 26, 2015, and he continued to work there until July 21, 2016.

16. Plaintiff was promoted to the General Manager position during the last week of May 2015.

17. Plaintiff is male.

18. Angel Cortes was District Manager and Plaintiff's Direct Supervisor.

19. Angel Cortes was responsible for overseeing the employees and making employment decisions such as terminating employees.

20. Defendants held a General Managers Conference on June 29-30, 2016, in Key Largo, Florida.

21. Defendants paid for all the General Managers to travel to the conference along with hotel accommodations and expenses.

22. Most of the General Managers flew to the conference on June 28, 2016 because the conference started at 8:00 a.m. on June 29, 2016.

23. Donelle Grantham is a female and was one of the General Managers at Defendants.

24. Donelle Grantham had several write-ups for violating company policies.

25. Ms. Grantham missed her scheduled flight to Key Largo with the other general managers, but took a later flight and arrived later that same day.

26. On July 17, 2016, Chad Brown came in Plaintiff's store to perform an audit. During this audit Mr. Brown gave Plaintiff a 91% score, meaning, the store was in compliance with Texas Law, company policies, and health safety regulations.

27. During Chad Brown's audit, he asked Plaintiff if there was anything else he wanted to discuss. Plaintiff told Mr. Brown that he wanted to discuss his overdue review and pay raise. At that moment, Plaintiff told Mr. Brown he felt he was being discriminated against because he is a male.  Plaintiff told Mr. Brown that two other female General Managers had received two reviews and two pay raises and he had received none. Plaintiff also complained to Mr. Brown that he had given write-ups to other female managers and that other female managers had many write-ups, but Angel Cortes refused to terminate them with the pretext that Defendants had no one to replace them.

28. Plaintiff complained several times to Angel Cortes about his overdue review and pay raise, especially as compared to the similarly situated female General Managers who received more than one review and pay raise, while Plaintiff had none. Angel Cortes replied to

Plaintiff that he had to give raises to the other female General Managers so they would not quit.

29. On July 18, 2016, Angel Cortes came to Plaintiff's store to perform an audit. During this audit Mr. Cortes gave Plaintiff a 95% score, meaning, the store was in compliance with Texas Law, company policies, and safety regulations.

30. On July 18, 2016, Angel Cortes asked Plaintiff to come in earlier for the General Managers' meeting so he could talk about Plaintiff's review and pay raise. Plaintiff arrived earlier to the General Managers' meeting as Mr. Cortes requested. Plaintiff had to perform his own review, which he scored a 3.75, which means he is up for a 3% pay raise. Plaintiff gave Mr. Cortes the review, but never heard back anything regarding this issue.

31. On July 18, 2016, Angel Cortes held a meeting for the General Managers in which he gave four male employees write-ups for being late (10-20 minutes) to the General Managers Conference on June 29-30, 2016. Even though Ms. Grantham missed her flight, thereby aking her late, she did not receive a write-up.

32. Semaj Penny is a female Assistant Manager at Defendants.

33. Semaj Penny was Assistant Manager to Plaintiff.

34. During 2016, Plaintiff gave Semaj Penny three write-ups, in which he recommended her termination for gross violations of company policy.

35. Plaintiff talked to Angel Cortes and discussed on several occasions his recommendation to terminate Semaj Penny and Mr. Cortes replied to Plaintiff that he could not terminate her because they had no one to replace her.

36. During the morning of July 21, 2016, Angel Cortes terminated Plaintiff. When Plaintiff asked Mr. Cortes for the reason of termination he said it was because of company policy violations but refused to provide any details.

37. Plaintiff described in Paragraph 26 the 95% score he received during the audit that Angel Cortes performed on the store three days before Plaintiff's termination.

38. Plaintiff called Chad Brown (HR) the same day he was terminated. Mr. Brown returned Plaintiff's call and told him that he was being terminated for changing the dates and labels of raw marinated expired chicken and thereby serving expired chicken to customers of Pollo Tropical.

39. Plaintiff did not change the dates and labels of raw marinated chicken and has absolutely no idea why Defendants would say that, other than as a pretext for discrimination and in retaliation for complaining about discrimination.

40. Plaintiff was accused of violating company policies for the first time on July 21, 2016 when he was terminated by Defendants; meanwhile, other female General Managers and employees at Plaintiff's store location had several write-ups and yet were not terminated.

41. Defendants allowed other female employees, such as Donelle Grantham, Semaj Penny, and Jessica Triplett, who committed gross violations of company policy and were allowed to continue working at Defendants.

42. Defendants, by and through its agents and employees, worked together to terminate Plaintiff from his position but did not do so for similarly situated, female employees.

43. All conditions precedent to the filing of this action have been met by Plaintiff.

### COUNT I: TITLE VII SEX DISCRIMINATION

44. Plaintiff re-alleges and incorporates in count two paragraphs 1-43.

45. Defendants terminated Plaintiff.

46. Defendants, by and through their agents and employees, especially Angel Cortes, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by Title VII.

47. Had Plaintiff not been a male, he would not have been terminated as opposed to the other female employees who clearly violated company policies but were not terminated and currently continue to work at Defendants.

## COUNT II: TITLE VII RETALIATION

48. Plaintiff re-alleges and incorporates in count two paragraphs 1-47.

49. Defendants, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by Title VII, as amended.

50. Based on Plaintiff's complaints to Human Resources and Angel Cortes about sex discrimination, he was retaliated against by being terminated.

51. Had Plaintiff not engaged in a protected activity by complaining about sex discrimination, Defendants would not have retaliated as described above.

## DAMAGES

52. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages in the past and future, as well as compensatory damages, including but not limited to emotional distress.

## EXEMPLARY DAMAGES

53. Defendants' actions were intentional, willful, harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress. The wrongs

7

done by the Defendants were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

## ATTORNEY'S FEES

54. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE AND ASSOCIATES, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

55. Plaintiff hereby makes his demand for a jury trial.

## PRAYER

56. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

   a. Back Pay;

   b. Pre-Judgment Interest on Back Pay;

   c. Front Pay;

   d. Compensatory Damages, including but not limited to emotional distress;

   e. Punitive Damages;

   f. Injunctive and Affirmative Relief;

   g. Attorney's Fees and Costs; and

h. Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**
By: ___/s/ct_____
Connor Throckmorton
S.D. Tex. #3065092
TX Bar #24103965
Email: connor.throckmorton@coane.com
Bruce A. Coane
S.D. Tex. #7205
TX Bar # 04423600
Email: bruce.coane@gmail.com
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone:   (713) 850-0066
Facsimile:    (713) 850-8528
***ATTORNEYS FOR PLAINTIFF***

Of counsel: Melba Rivera, Esq.
FL Bar No.: 1000519
Email: melba.rivera@coane.com
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770
Houston, Texas 77056
Telephone:   (713) 850-0066
Facsimile:    (713) 850-8528
***ATTORNEY FOR PLAINTIFF***